JOHN C. LONIS et al., Appellants, v NORMAN'S ROOFING AND SIDING CO., INC., et al., Respondents. TIMOTHY O'BRIEN, Third-Party Plaintiff, v HASTINGS-FISHER FUEL CO., INC., Third-Party Defendant-Respondent. [762 NYS2d 318] —Appeal from an order of Supreme Court, Oneida County (Parker, J.), entered December 31, 2001, which granted the motion of defendant Timothy O'Brien and the cross motion of defendant Norman's Roofing and Siding Co., Inc. to dismiss the second amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action in May 1994 seeking damages for injuries sustained by John C. Lonis (plaintiff) resulting from emissions from a furnace installed in plaintiffs' home. Supreme Court properly granted the motion of defendant Timothy O'Brien and the cross motion of defendant

Norman's Roofing and Siding Co., Inc. to dismiss the second amended complaint on the ground that the action is time-barred. Defendants established that plaintiffs failed to meet the criteria set forth in CPLR 214-c (4) to entitle them to an extension of the three-year statute of limitations for commencing an action arising from injuries allegedly caused by the latent effects of exposure to a substance or combination of substances (*see* 214-c [2]). Defendants demonstrated that plaintiffs discovered the injuries in the spring of 1990, when plaintiff began to have symptoms (*see Matter of New York County DES Litig.,* 89 NY2d 506, 514 [1997]); that plaintiffs discovered the cause of the injuries in April 1993 or, at the latest, by May 12, 1993, when they learned that the furnace had not been properly installed when the house was built in 1988 and that toxic emissions therefore were present in the house; and that "technical, scientific [and] medical knowledge and information sufficient to ascertain the cause of [plaintiff's] injur[ies] had * * * been discovered, identified or determined prior to the expiration of the period within which the action * * * would have been authorized" (CPLR 214-c [4]). Even assuming, arguendo, that plaintiffs raised an issue of fact whether they learned about the cause of plaintiff's injuries in October 1993 rather than in April or May 1993, we conclude that the extension of the three-year statute of limitations is not available to plaintiffs. The curriculum vitae of plaintiff's treating physician demonstrates that technical, scientific and medical knowledge and information was available within the scientific and medical communities with respect to the diagnosis of multiple chemical sensitivities as early as 1987 (*see New York County DES Litig.,* 89 NY2d at 514-515). In light of our determination, we do not address plaintiffs' remaining contentions. Present—Pine, J.P., Hurlbutt, Scudder, Kehoe and Hayes, JJ.